UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FRANK D MCCOLLUM III, | § | |
| TDCJ #02021347, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-186 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## ORDER TO REOPEN AND TRANSFER CASE

In this habeas action, Petitioner Frank D. McCollum, III, filed an original proceeding in the United States Court of Appeals for the Fifth Circuit (Dkt 1). The appellate court transferred the petition to this Court (Dkt. 4). On August 2, 2018, the Court dismissed the petition without prejudice for failure to exhaust state court remedies (Dkt 7), noting that Petitioner had filed a writ of mandamus in the Texas Court of Criminal Appeals (WR-86,370-01) but had not filed an application for state habeas relief.

Petitioner now has exhausted his remedies in state court by filing a state habeas application (WR-86,370-02). He seeks to reopen this federal habeas action (Dkt. 9). In compliance with the Court's previous instructions (Dkt. 11), Petitioner now has filed a form petition (Dkt. 12). The petition challenges a state court conviction in Dallas County, Case Number F-1133471-J. After reviewing the pleadings, the Court concludes that this action must be transferred for reasons set forth briefly below.

Because the petitioner is in custody pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over the petition is determined by the place of conviction or the place of confinement, as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). The Fifth Circuit has emphasized that, under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of *only* two places: (1) the district in which the state court conviction was entered, or (2) the district within which the petitioner is incarcerated. *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000).

Dallas County, where the challenged state court conviction was entered, is located in the Northern District of Texas, Dallas Division. *See* 28 U.S.C. § 124(a)(1). The Terrell Unit, where the petitioner is presently incarcerated, is located in Brazoria County, which is in the Southern District of Texas, Galveston Division. *See* 28 U.S.C. § 124(b)(1). Although the petition was properly filed here for purposes of Section 2441(d), the challenged conviction that has no ties to this district. Under these circumstances, a transfer is appropriate. *See Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (concluding that the division of conviction, where witnesses were located, was a more appropriate venue than the division of confinement in challenge to conviction).

In the exercise of its discretion and in furtherance of justice, this Court will transfer the petition pursuant to Section 2241(d) and Southern District policy. *See* General Order of May 30, 1985 (dictating that challenges to the conviction go to the division within the district where the conviction was entered).

For the reasons stated above the Court **ORDERS** as follows:

1. Petitioner's motion to reopen (Dkt. 9) is **GRANTED**. The Clerk is instructed to **REOPEN** this habeas action.

2. The Clerk will **TRANSFER** this habeas action to the United States District Court for the Northern District of Texas, Dallas Division.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 2nd day of May, 2019.

                                           _____
                                           George C. Hanks Jr.
                                           United States District Judge