IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANK D. MCCOLLUM, III, § <br> (TDCJ No. 2021347), § <br>　　　　§ <br>　　Petitioner, § <br>　　　　§ <br> V. § <br>　　　　§ <br> LORIE DAVIS, Director § <br> Texas Department of Criminal Justice § <br> Correctional Institutions Division, § <br>　　　　§ <br>　　Respondent. § | No. 3:19-cv-1074-S-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Frank D. McCollum, III, a Texas inmate, filed a *pro se* petition in the United States Court of Appeals for the Fifth Circuit seeking mandamus and habeas relief and requesting, alternatively, that the Fifth Circuit transfer his claims to a United States district court. *See* Dkt. No. 1. The Court of Appeals transferred his habeas claims to the United States District Court for the Southern District of Texas, the district of McCollum's incarceration. *See In re McCollum*, No. 17-11251 (5th Cir. Apr. 27, 2018) (per curiam) [Dkt. No. 4]. And the Southern District of Texas dismissed the habeas petition without prejudice for McCollum's failure to exhaust available state remedies. *See* Dkt. Nos. 7 & 8.

McCollum eventually returned to the Southern District of Texas, seeking to reopen his dismissed federal case. *See* Dkt. No. 9. That relief was denied, but McCollum was ordered to file a new petition seeking relief under 28 U.S.C. § 2254. *See*

Dkt. No. 11. Once he did, *see* Dkt. No. 12, that petition was transferred to this district, in which McCollum was convicted and sentenced, *see* Dkt. No. 16.

This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application with prejudice as time-barred under Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

Through the applicable habeas petition, McCollum challenges his 2015 Dallas County conviction for aggravated assault of a child, which resulted in a sentence of 15 years of imprisonment. *See State v. McCollum*, No. F11-33471-J (Crim. Dist. Ct. No. 3, Dallas Cnty., Tex.), *aff'd*, No. 05-15-01056-CR, 2016 WL 8115929 (Tex. App. – Dallas Oct. 27, 2016, no pet.). He requested an extension of time (to January 27, 2017) to file – but did not file – a petition for discretionary review (or "PDR") in the Texas Court of Criminal Appeals (the "CCA"). *See McCollum v. State*, No. PD-1375-16 (Tex. Crim. App.).

On initial review of the federal habeas application – even given the complicated procedural history in the federal courts – the Court recognized that the petition is likely time-barred and issued a questionnaire [Dkt. No. 20] to provide McCollum fair notice of the limitations issues and to allow him to present his positions as to those issues through a verified response to the questionnaire. McCollum filed a timely,

verified response. *See* Dkt. No. 21.

## Legal Standards

I. <u>Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir.

2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original); *see, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

The Supreme Court also has determined that AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

II.   Rule 4 Disposition

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted

>in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the United States Court of Appeals for the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original); *see also Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation also gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

## Analysis

A conviction becomes final under the AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555

U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Because McCollum requested an extension of time to file – but then failed to file – a PDR in the CCA, the state criminal judgment became final for federal limitations purposes no later than "upon the expiration of the time for seeking further review through the filing of a PDR," *Phillips v. Quarterman*, No. 3:09-cv-1131-B, 2009 WL 1974302, at *2 (N.D. Tex. July 7, 2009) (citing *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003)), "which, at the latest, was the CCA-extended deadline to file the PDR" – or on January 27, 2017, *Salinas-Tinoco v. Davis*, No. 3:18-cv-1781-G-BN, 2018 WL 3979865, at *3 (N.D. Tex. July 25, 2018) (collecting cases), *rec. accepted*, 2018 WL 3973507 (N.D. Tex. Aug. 20, 2018).

McCollum ultimately sought state post-conviction relief as to this conviction and sentence, but he failed to seek that relief within one year from the date the conviction became final for limitations purposes, *see Ex parte McCollum*, No. W11-33471-J(A) (Crim. Dist. Ct. No. 3, Dallas Cnty., Tex.), reflecting that his state habeas petition was filed no sooner than September 30, 2018, the date that McCollum represents that he signed the petition.

And the record further reflects that, after the state criminal judgment became final, he (1) filed a writ of mandamus in the CCA, not seeking review of the trial court's judgment but asking that court to consider his medical records as a reason not to incarcerate him, *see Ex parte McCollum*, WR-86,370-01 (Tex. Crim. App.); and (2) filed the action in the Fifth Circuit that was transferred to the Southern District of Texas. But, like the late-filed states habeas action, neither of these proceedings tolled the

statutory filing period under Section 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) ("[A]n application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore [does] not toll the limitation period during the pendency of [a] federal habeas petition."); *Charleston v. Quarterman*, 243 F. App'x 859, 860 (5th Cir. 2007) (per curiam) ("[A] mandamus petition [that does] not seek review of the judgment pursuant to which [a petitioner] is incarcerated [does] not constitute 'other collateral review' for purposes of 28 U.S.C. § 2244(d)(2) and [therefore does] not toll the limitation period." (citing *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002))).

In his verified responses to the limitations questionnaire, McCollum raises, as an alternative basis for tolling under Section 2244(d)(2), a motion he filed in the state trial court requesting DNA testing under Texas Code of Criminal Procedure article 64. *See* Dkt. No. 21 at 6. A "motion for DNA testing, unlike the mandamus writ in *Moore*, constitutes 'other collateral review'" under Section 2244(d)(2). *Hutson v. Quarterman*, 508 F.3d 236, 240 (5th Cir. 2007) (per curiam); *see also id.* ("Our *Moore* inquiry is whether the motion '*sought* "review" of the judgment pursuant to which [a defendant] is incarcerated,' not that the judgment was in fact reviewed." (quoting *Moore*, 298 F.3d at 367; emphasis added by *Hutson*)). But, as his verified responses and the state court record reflect, McCollum's DNA motion was filed on March 1, 2018 (or possibly as early as February 12, 2018, if the prison mailbox rule is liberally applied); either date is more than one year after his state criminal judgment became final for federal limitations purposes. Thus, this motion too failed to toll the statutory filing period.

Accordingly, the Section 2254 habeas application – filed no sooner than March 15, 2019, the date on which McCollum appears to have signed the petition filed in the Southern District of Texas, *see* Dkt. No. 12 at 4 – was filed almost 1 year and 2 months too late. The application is therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

McCollum does not plead actual innocence, but he does argue that "mental incompetence" or dementia prevented the timely filing of this action. *See* Dkt. No. 21 at 5-9. In this regard,

> [t]he Fifth Circuit has recognized that mental incompetency may support equitable tolling of the AEDPA limitations period. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). However, "merely claiming mental incompetency does not automatically entitle the [p]etitioner to equitable tolling." *Guerra v. Thaler*, No. 3:09-cv-2272-P, 2010 WL 5071614, at *2 (N.D. Tex. Oct. 25, 2010) (citing *Smith v. Johnson*, 247 F.3d 240 (table), 2001 WL 43520, at *3 (5th Cir. Jan. 3, 2001)), *rec. adopted*, 2010 WL 5071608 (N.D. Tex. Dec. 10, 2010). A petitioner must "'sufficiently allege facts indicating that his incompetence impeded him from asserting his legal rights'" in a timely manner. *Guerra*, 2010 WL 5071614, at *2 (quoting *Smith v. Johnson*, 2001 WL 43520, at *3); *see also Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008) ("Smith also makes purely conclusory allegations regarding his mental illness. Although he states he has been diagnosed with 'severe psychotic and/or schizophrenia [sic] tendencies,' he nowhere explains how this prevented him from pursuing his legal rights.").

*Guyton v. Thaler*, No. 3:12-cv-4555-B-BN, 2013 WL 1130290, at *2 (N.D. Tex. Feb. 26, 2013), *rec. adopted*, 2013 WL 1131248 (N.D. Tex. Mar. 19, 2013).

McCollum's mental-incompetency assertions are merely conclusory. He has failed to provide the Court with evidence to show that a mental disability interfered with his ability to file a federal writ in a timely manner. That is, he has not shown that there is a "causal connection between [his] mental illness and his failure to file a timely

federal habeas petition." *Jones v. Stephens*, 541 F. App'x 499, 505 & n.34 (5th Cir. 2013) (per curiam) (collecting cases); *see also Roberts*, 319 F.3d at 695 (fact that petitioner was hospitalized 13 times during one-year limitations period, standing alone, was insufficient to merit equitable tolling); *Jones v. Thaler*, No. 3:10-cv-2100-P-BD, 2011 WL 444860, at *2-*3 (N.D. Tex. Jan.19, 2011) (same as to schizoaffective disorder resulting in hallucinations), *rec. adopted*, 2011 WL 419200 (N.D. Tex. Feb.7, 2011); *Guerra*, 2010 WL 5071614, at *2 (petitioner not entitled to equitable tolling where he failed to meet his burden of establishing the degree and duration of his mental impairment).

In sum, McCollum has not demonstrated that he is entitled to equitable tolling by showing that "rare, exceptional, or extraordinary circumstances beyond his control ... made it impossible for him to timely file" his federal habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 640 F. App'x at 307.

For these reasons, the Section 2254 application is time-barred.

### Recommendation and Direction to the Clerk of Court

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice because it is time-barred. The Court should direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this

recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 6, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE