IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANK D. MCCOLLUM, III § <br> (TDCJ No. 2021347), § <br> § <br> Petitioner, § <br> § <br> V. § <br> § <br> LORIE DAVIS, Director § <br> Texas Department of Criminal Justice § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | No. 3:19-cv-1074-S-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Frank D. McCollum, III, a Texas inmate, filed a *pro se* petition in the United States Court of Appeals for the Fifth Circuit seeking mandamus and habeas relief and requesting, alternatively, that the Fifth Circuit transfer his claims to a United States district court. *See* Dkt. No. 1. The Court of Appeals transferred his habeas claims to the United States District Court for the Southern District of Texas, the district of McCollum's incarceration. *See In re McCollum*, No. 17-11251 (5th Cir. Apr. 27, 2018) (per curiam) [Dkt. No. 4]. And the Southern District of Texas dismissed the habeas petition without prejudice for McCollum's failure to exhaust available state remedies. *See* Dkt. Nos. 7 & 8.

McCollum eventually returned to the Southern District of Texas, seeking to reopen his dismissed federal case. *See* Dkt. No. 9. That relief was denied, but McCollum was ordered to file a new petition seeking relief under 28 U.S.C. § 2254. *See*

Dkt. No. 11. Once he did, *see* Dkt. No. 12, that petition was transferred to this district, in which McCollum was convicted and sentenced, *see* Dkt. No. 16.

The case was then referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

After examining the petition, the undersigned recognized that the claims therein were likely time-barred and issued a questionnaire [Dkt. No. 20] to provide McCollum fair notice of the limitations issues and to allow him to present his positions as to those issues through a verified response to the questionnaire, *see Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) ("'[B]efore acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006))); *cf. Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation also gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)). McCollum filed a timely, verified response. *See* Dkt. No. 21.

The undersigned then entered findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application with prejudice as time-barred under Rule 4 of the Rules Governing Section 2254 Cases [Dkt. No. 22] (the "Limitations FCR"). McCollum filed objections to the Limitations FCR. *See* Dkt.

No. 25. And the Court overruled those objections and accepted the Limitations FCR, dismissing McCollum's petition with prejudice as time-barred on August 26, 2019. *See* Dkt. Nos. 27 & 28. The Court also denied McCollum a certificate of appealability ("COA"). *See* Dkt. No. 27.

McCollum now moves for reconsideration under Federal Rule of Civil Procedure 60(a), (b)(1), and (b)(2) [Dkt. No. 30]; for a COA [Dkt. No. 31]; and for leave to proceed *in forma pauperis* ("IFP") on appeal [Dkt. No. 32]. The Court referred these motions to the undersigned. *See* Dkt. No. 34. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court deny the motions.

## Legal Standards and Analysis

I. <u>Reconsideration</u>

At the outset, the Court must determine whether McCollum's Rule 60(b) motion is truly a motion requesting reconsideration based on alleged defects in this proceeding or whether it is a successive Section 2254 petition in disguise.

> In *Gonzalez v. Crosby*, the Supreme Court distinguished between a subsequent habeas petition and a Rule 60(b) motion along the lines of substance and procedure. A motion is substantive – and thus a successive habeas petition – if it "seeks to add a new ground for relief," or if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." If, however, the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper.

*In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting 545 U.S. at 532; footnotes omitted).

After examining McCollum's motion, the undersigned finds that it asserts defects in the federal habeas proceedings and should therefore be treated as a motion under Rule 60(b).

Rule 60(b) offers grounds for relief from a final judgment, order, or proceeding, *see* FED. R. CIV. P. 60(b), and provides that:

> On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*Id.*

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Jan.1981)).

"The burden of establishing at least one of the Rule 60(b) requirements is on [McCollum] as the movant." *Bahsoon v. Wells Fargo Bank, NA*, No. 3:12-cv-2017-D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 n.14 (5th Cir. 1994) (en banc)); *see also Wallace v. Magnolia Family Servs., L.L.C.*, Civ. A. No. 13-4703, 2015 WL 1321604, at *2 (E.D. La. Mar. 24, 2015) ("The extraordinary relief afforded by Rule 60(b) requires

that the moving party make a showing of unusual or unique circumstances justifying such relief." (citing *Pryor v. U.S. Postal Servs.*, 769 F.2d 281, 286 (5th Cir. 1985))).

And Rule 60(b) motions are typically committed to the sound discretion of the district court. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) (noting that the Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy and that the desire for a judicial process that is predictable mandates caution in reopening judgments" (internal quotation marks and alterations omitted)).

McCollum specifically cites (b)(1) and (b)(2) as grounds for relief. *See* Dkt. No. 30 at 1.

"[I]n this circuit," Rule 60(b)(1) "may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record. Thus, it may be employed when the judgment obviously conflicts with a clear statutory mandate or when the judicial error involves a fundamental misconception of the law." *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987) (footnotes omitted).

> Under Rule 60(b)(2), "[t]o succeed on a motion for relief from judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir.2003) (citation omitted). A judgment will not be reopened if the evidence is merely cumulative or impeaching and would not have changed the result. *Trans Mississippi Corp. v. United States*, 494 F.2d 770, 773 (5th Cir. 1974).

*Hesling*, 396 F.3d at 639-40.

McCollum presents no evidence that meets Rule 60(b)(2)'s newly-discovered

standard. *See generally* Dkt. No. 30. And his arguments contending that the manner in which the Fifth Circuit, the Southern District of Texas, and this Court construed his filings (and routed his case accordingly) were mistaken do not raise obvious errors of law that are apparent on the record. Nor has he shown that the judgment dismissing his petition as time-barred involves a fundamental misconception of the law. Thus, McCollum has not shown that he is entitled to relief under Rule 60(b)(1).

The Court should therefore deny the motion for reconsideration.

II. <u>COA</u>

Because the Court previously denied McCollum a COA, *see* Dkt. No. 27, his current request for a COA, *see* Dkt. No. 31, seeks reconsideration of that denial. Regardless,

> Section 2254 of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, governs [a] consideration of [McCollum's] request for a COA. Under AEDPA, a state habeas petitioner must obtain a COA before he can appeal the federal district court's denial of habeas relief. 28 U.S.C. § 2253(c)(1)(A). A COA is warranted upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). To obtain a COA after a district court has denied relief on procedural grounds, a petitioner must show both a debatable claim on the merits and that the district court's procedural ruling is debatable. *See id.* at 349. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* at 336.
> The court evaluates the debatability of [McCollum's] constitutional claims through the lens of AEDPA's highly deferential standard, which "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

*Shore v. Davis*, 845 F.3d 627, 631 (5th Cir. 2017) (per curiam).

McCollum has neither shown a debatable claim on the merits nor shown that the

Court's ruling that his petition should be dismissed as time-barred is debatable. The Court should therefore neither grant a COA nor reconsider its previous denial of a COA.

III. <u>IFP</u>

28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) govern the determination of applications to proceed with an appeal IFP. *See, e.g., Taylor v. Dretke*, No. 4:02-cv-1017-Y, 2003 WL 22121296, at *1 (N.D. Tex. Sept. 12, 2003). Section 1915(a)(3) provides that "[a]n appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." *Id.* And Rule 24(a) in pertinent part provides:

> (1) Motion in the District Court. Except as stated in Rule 24(a)(3), [concerning, unlike here, a party previously permitted to proceed IFP,] a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>     (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>     (B) claims an entitlement to redress; and
>     (C) states the issues that the party intends to present on appeal.
> (2) Action on the Motion. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

FED. R. CIV. P. 24(a).

"A movant who seeks authorization to proceed IFP on appeal must demonstrate that he is a pauper ***and*** that his appeal involves nonfrivolous issues." *Amir-Sharif v. Dallas Cnty. Tex.*, 269 F. App'x 525, 526 (5th Cir. 2008) (per curiam) (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); emphasis added); *see also McGarrah v.*

*Alford*, 783 F.3d 584, 584 (5th Cir. 2015) (per curiam) ("By failing to provide argument that addresses the basis of the district court's dismissal, McGarrah has failed to adequately present any argument for this court's consideration. He has thus failed to establish that he will raise a nonfrivolous issue for appeal."); *accord Clark v. Oklahoma*, 468 F.3d 711, 713, 715 (10th Cir. 2006); *see also McCoy v. Harmon*, 738 F. App'x 326, 327 (5th Cir. 2018) (per curiam) ("[G]eneral conclusional assertions" – that lack "facts that would entitle [him] to relief on his [dismissed] claim" – do not satisfy the requirement that a movant "address the district court's reason for dismissal." (citation omitted)).

Because McCollum has not demonstrated that his appeal involves nonfrivolous issues, *see, e.g.,* Dkt. Nos. 30 & 32, and for the reasons explained in the Limitations FCR [Dkt. No. 22], the Court should deny McCollum leave to proceed IFP on appeal.

## Recommendation

The Court should deny Petitioner Frank D. McCollum, III's motion for reconsideration under Federal Rule of Civil Procedure 60(a), (b)(1), and (b)(2) [Dkt. No. 30]; his motion for a certificate of appalability [Dkt. No. 31]; and his motion for leave to proceed *in forma pauperis* on appeal [Dkt. No. 32].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 8, 2019

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE